# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| HANEEF CHESTNUT,<br><br>                      Plaintiff,<br><br>v.<br><br>MAXINE WHITE, FREDERICK C. ROSE, TODD KURTZ, MEGAN NEWPORT, ROBIN SHELLOW, BODO GAJAVIC, ROBERT N. MEYEROFF, ERIC HAILSTOCK, and ROBERT TAYLOR,<br><br>                      Defendants. | Case No. 19-CV-102-JPS<br><br>**ORDER** |

      Plaintiff Haneef Chestnut, who is incarcerated at Redgranite Correctional Institution, proceeds in this matter *pro se*. He filed a complaint alleging that Defendants conspired to violate his constitutional rights. (Docket #1 at 1) (citing 42 U.S.C. § 1985 as the basis for the complaint). This matter comes before the court on Plaintiff's petition to proceed without prepayment of the filing fee (*in forma pauperis*). (Docket #3). Plaintiff has been assessed and has paid an initial partial filing fee of $38.76. 28 U.S.C. § 1915(b).

      The court shall screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109–10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint's allegations

"must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. Section 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Defendants are two Milwaukee County Circuit Court judges, a Milwaukee County district attorney, four criminal defense attorneys, and two police officers. Publicly available court records indicate that Plaintiff is currently being prosecuted for various heroin-possession, firearm-possession, and drug distribution felonies. *State of Wisconsin v. Haneef Hasan Chestnut*, Milwaukee County Circuit Court Case No. 2015-CFR-2584, *available at*: https://wcca.wicourts.gov. The case is currently set for trial in mid-March 2019. *Id.* Plaintiff alleges that, during the investigation

underlying the criminal case, Kurtz presented false statements in an affidavit in support of a search warrant executed on Plaintiff's residence. (Docket #1 at 4). The search warrant seems to have led to the evidence upon which Plaintiff is currently being prosecuted.

Plaintiff also questions the validity of the search warrant on other grounds, such as the omission of certain facts he believes are critical. *Id.* at 4–5. Plaintiff maintains that all of the other defendants have conspired to conceal Kurtz's false statements and the general invalidity of the warrant. *Id.* He also includes allegations impugning the litigation strategy of each of his defense attorneys. *Id.* at 6–7. He seeks only declaratory and injunctive relief, but does not precisely indicate what form that would take. *Id.* at 1, 3. The Court assumes that Plaintiff wants to have the search warrant declared invalid and, as a result, have the criminal proceeding dismissed.

At the outset, the Court observes that Plaintiff cannot proceed under Section 1985. That Section permits a private actor to be held liable when he conspires with a state actor to deprive the plaintiff of equal protection of the law. 42 U.S.C. § 1985(3); *Fairley v. Andrews*, 578 F.3d 518, 526 (7th Cir. 2009). However, the conspiracy must be motivated by racial or other class-based animus. *Smith v. Gomez*, 550 F.3d 613, 617 (7th Cir. 2008); *Grimes v. Smith*, 776 F.2d 1359, 1366 (7th Cir. 1985). Nothing in Plaintiff's complaint suggests that anyone, including his lawyers, acted because of class-based hostility; indeed, he stresses that the purpose of the conspiracy was to cover up issues with the search warrant. There can be no Section 1985(3) claim on these facts.

Even assuming Plaintiff brought this action under the more appropriate statute, 42 U.S.C. § 1983, it would still be inviable. As discussed above, Plaintiff's claim arises directly from his on-going state court criminal

proceedings. Pursuant to the *Younger* doctrine, federal courts may not hear cases that interfere with ongoing state criminal prosecutions. *Younger v. Harris*, 401 U.S. 37, 45 (1971). Plaintiff's federal challenge, and his accompanying request for declaratory and injunctive relief, is virtually guaranteed to interfere with the state proceedings. Accordingly, since the only relief Plaintiff is seeking in this lawsuit is injunctive and declaratory in nature, the court will dismiss this lawsuit without prejudice. *Cf. Gakuba v. O'Brien*, 711 F.3d 751, 754 (7th Cir. 2013) (finding that in circumstances in which a plaintiff is seeking monetary damages related to an on-going state proceeding, a stay, rather than dismissal without prejudice, is necessary to preserve the plaintiff's civil rights damages claims). The Court will dismiss Plaintiff's pending motion for a preliminary injunction, (Docket #7), as moot.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*) (Docket #3) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for a preliminary injunction (Docket #7) be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice**;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance

with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined; and

**THE COURT FURTHER CERTIFIES** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless Plaintiff offers bonafide arguments supporting his appeal.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 27th day of February, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge